PRICE, APPELLEE, *v.* FELUMLEE, APPELLANT.

(Decided September 14, 1938.)

*Messrs. Fitzgibbon, Black & Fitzgibbon,* for appellee.
*Messrs. Yearick & Hughes,* for appellant.

MONTGOMERY, P. J. The origin of this controversy was a horse trade. The element of chance was outstanding. The extent of the ensuing profit was probably not anticipated. Since it seems to have been pronounced, this litigation has ensued. Reduced to its simplest terms, the question is: Shall all the profit enure solely to the appellant, or shall it be divided between the parties? What was the contract?

The appellee was the owner of a racing mare, Queen Abbie, of whom it was testified by the witness, Smart,

a horse trainer and driver, that "we had about raced her out." The appellant was the owner of a young racing mare, Tod Mc, whose career, if any, lay in the future, and not in the past.

A trade of these mares was engineered, largely by Smart, and the agreement was made verbally by the parties in the presence of Smart. He testified that "Mr. Price said that he would consider trading Queen Abbie for his mare, if he could have a half interest in the first colt. And that is the way it was started. And we went out to Mr. Felumlee's place, Mr. Price and I, and traded for the mare under those conditions."

That such was the agreement is substantiated by the great weight of the evidence, and the judgment of the trial court finding on behalf of the plaintiff, as it did, was not against the manifest weight of the evidence.

The second year after the exchange, the mare, Queen Abbie, was bred through arrangements made by Price. A valuable colt resulted. Felumlee kept and cared for the colt, and near the expiration of the second year Price demanded an accounting, which was refused. The latter then filed his petition in the Common Pleas Court in which he averred in substance the facts herein detailed. The prayer of the petition was in the nature of a demand for an accounting and was for general equitable relief.

The trial court in his decree found that $150 was the proportionate reasonable cost and expense of rearing the colt and ordered that, upon the payment of this amount to the defendant, the plaintiff is adjudged to be the owner of the undivided one-half interest in the colt. This order was a fair one and justified by the proof. The appeal to this court was on questions of law.

In addition to the claim that the judgment was manifestly against the weight of the evidence, the appellant contends here, as he contended by various

pleadings and motions in the lower court, that plaintiff had no cause of action, due to that provision of Section 8621, General Code, which provides that "no action shall be brought whereby to charge the defendant, upon a special promise * * * nor upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing * * *."

It seems to us that the statute of frauds does not enter into this case, and that we need not be concerned with it, or with any suggestion of part performance or its applicability. The agreement was performed within one year from the making thereof. The exchange of horses was made. The partnership was formed. The partnership agreement was not uncertain. The parties proceeded under it. What is now involved is the usufruct of it, the adjustment of the expense and the profit. We have heretofore approved the adjustment ordered by the trial court.

The appellant offers as a third assignment of error the decree of the lower court as to the partnership. That court did, as a part of its decree, make this order, "and the partnership in said colt is dissolved." We think this was erroneous. The effect of the decree, which we approve otherwise, was certainly to leave the partnership in force. It must continue so long as the decreed joint ownership of the colt continues.

The judgment of the Common Pleas Court is modified to the extent that there is eliminated from this decree that portion which dissolves the partnership. As thus modified, the judgment is affirmed.

*Judgment modified and affirmed.*

SHERICK and LEMERT, JJ., concur.